PD-1514-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/22/2015 2:16:50 PM
Accepted 1/28/2015 10:38:56 AM
ABEL ACOSTA
CLERK

**Cause No. PD-1514-14**

Court of Criminal Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

January 28, 2015

ABEL ACOSTA, CLERK

**onnie Leon Dabney,**
Appellant

v.

**State of Texas,**
Appellee

On Petition for Discretionary Review from the
Court of Appeals, Second District of Texas
No. 02-12-00530-CR

**State's Supplemental Petition for Discretionary Review**

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas
State Bar No. 24076904
Maureen.Shelton@co.wichita.tx.us

**John Gillespie**
First Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
John Gillespie@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 716-8530 fax

To the Court of Criminal Appeals:

Pursuant to Rule 68.10 of the Rules of Appellate Procedure, the State submits a supplemental brief. The State supplements its brief to bring to the attention of this Court appellate activity citing *Dabney v. State*, No. 02-12-00530-CR in the Second Court of Appeals.

### *Dabney* is already being cited by its author

In the recently-published case of *Ex Parte Roberson*[1] out of the Second Court of Appeals, Justice Dauphinot (in dissent) has cited the opinion she authored in *Dabney v. State* to support her speculative and antagonistic theories regarding the Wichita County Criminal District Attorney.[2]

Based upon these serious and unsupported accusations, the Wichita County District Attorney's Office has now filed motions to recuse Justice Dauphinot from its cases before the Second Court of Appeals.[3]

---

[1] No. 02-13-00582-CR, 2015 WL 148476, at *5-9 (Tex. App.—Fort Worth 2015, no pet. h.) (Dauphinot, J., dissenting).

[2] No. 02–12–00530–CR, 2014 WL 5307178, at *7–9 (Tex.App.—Fort Worth Oct. 16, 2014, pet. filed) (mem. op., not designated for publication). She cites two other cases to support her theory: *Pitman v. State*, 372 S.W.3d 261, 268–70 (Tex.App.—Fort Worth 2012, pet. ref'd), where the discovery issue was not even necessary to the disposition of the appeal, and *Juarez v. State*, No. 02–08–00167–CR, 2009 WL 1564926, at *1 & n. 2 (Tex.App.—Fort Worth June 4, 2009, no pet.) (mem. op., not designated for publication), an unpublished opinion where the discovery issue was not even ruled on, for lack of preservation.

[3] *See* Docket Sheet for *Smith v. State*, No. 02-13-00319-CR in the Second Court of Appeals of Texas, available at http://www.search.txcourts.gov/Case.aspx?cn=02-13-00319-CR (last visited Jan. 22, 2015); Docket Sheet for *Leija v.State*, No. 02-13-00473-

The State has already demonstrated that the memorandum opinion in *Dabney* conflicted with (or ignored) the settled case law from this Court in (1) adding a notice requirement to rebuttal evidence offered to rebut a defensive theory; (2) ignoring the credibility determinations of the trial judge and instead substituting the author's own credibility judgments; and (3) failing to follow this Court's directive to consider overwhelming evidence of guilt in conducting a harm analysis.[4] In addition to so dramatically failing to follow the precedent of this Court, the author of the opinion has now cited her own opinion to allege a pattern of constitutional abuse.[5] This subsequent use of the *Dabney* opinion shows the imperative need for this Court to grant review.

While *Dabney* may have been presented as an unpublished, memorandum opinion, its use by the author (before the State's petition for discretionary review was even resolved) to show an alleged pattern of constitutional abuse demonstrates that the author of the opinion intends it to have ramifications which far exceed the typical unpublished

CR in the Second Court of Appeals of Texas, available at http://www.search.txcourts.gov/Case.aspx?cn=02-13-00473-CR (last visited Jan. 22, 2015); and Docket Sheet for *Johnson v. State*, No. 02-13-00482-CR in the Second Court of Appeals of Texas, available at http://www.search.txcourts.gov/Case.aspx?cn=02-13-00482-CR (last visited Jan. 22, 2015).

[4] The State's Petition for Discretionary Review, *Dabney v. State*, No. PD-1514-14 (Tex. Crim. App. Nov. 12, 2014).

[5] *Roberson*, 2015 WL 148476 at *9 (Dauphinot, J., dissenting).

memorandum opinion.[6]  Therefore, the State would respectfully ask this Court to grant review and to assert the Court of Criminal Appeals' corrective power of supervision.[7]

### Prayer

The fact that the author of *Dabney* is now citing it as the basis of serious allegations against the Wichita County Criminal District Attorney shows how essential it is for the opinion of the Second Court of Appeals in *Dabney* to be reviewed.   The State of Texas prays the Court of Criminal Appeals grant review, reverse the opinion of the Second Court of Appeals, affirm the judgment of the trial court, and bring *Dabney* into alignment with the well-settled precedent of this honorable Court.

Respectfully submitted,

/s/Maureen Shelton
**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas
State Bar No. 00786852
Maureen.Shelton@co.wichita.tx.us

 /s/John Gillespie
**John Gillespie**
First Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24010053
John.Gillespie@co.wichita.tx.us

---

[6]    *Id.*
[7]    See Tex. R. App. P. 66.3(f).

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8177 fax

Attorneys for Appellee
State of Texas

### Certificate of Compliance

I certify that this document contains 646 words. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/John Gillespie
**John Gillespie**

### Certificate of Service

I do certify that on January 22, 2015, a true and correct copy of the above document has been electronically forwarded to Mark Barber, counsel for Ronnie Leon Dabney on appeal, via electronic service to mbarberlaw@aol.com, and to the State Prosecuting Attorney, Lisa McMinn, at information@spa.texas.gov.

/s/John Gillespie
**John Gillespie**